GORMLEY, Respondent, v. CHICAGO & N. W. RY. CO., Appellant.

(165 N. W. 249.)

(File No. 3785.   Opinion filed December 4 1917.   Rehearing denied January 30, 1918.)

1.  **Appeals—Error—Measure of Damages—Instruction Not Excepted To, Effect.**

Where, in a suit to recover value of certain hogs whose death was alleged to have been caused by defendant carrier's negligence, **held**, that an assignment of error of insufficiency of evidence to support the verdict on the ground that if liable at all defendant was only liable for a certain limited amount for each hog, was futile, it appearing that trial court instructed jury that, if plaintiff was entitled to recover, he was entitled to recover full value; the instruction being neither excepted to nor any other instruction requested.

2.  **Carriers—Hog Shipment—Hogs Loaded on Cars, Trains Not Moving Because Storm Bound—Relation of Shipper and Carrier, Whether Existing.**

Where railway agent made out and left in the bill box at a small station the shipping bill for plaintiff's prospective shipment of hogs; it appearing that the depot in question did not open for the train upon which the shipment was to be made, but the hogs were loaded on a car at the station in the morning before the train was due, no snow storm rendering the loading improper being then prevailing, **held**, the relation of shipper and carrier was created; that the fact that some three hours later when the train arrived orders were given trainmen not to move any stock because a storm was raging, did not change said relation, although plaintiff was present when the trainmen received said orders and learned that his stock would not be moved that day; nothing being said either by defendant's agent or by plaintiff as to future care of the hogs.

3.  **Carriers—Negligence—Hog Shipment—Suit for Damages—Sufficiency of Evidence.**

Where, after hogs were loaded in a car at a station for ship-

ment by defendant, and a few hours thereafter trainmen were ordered to move no stock because a storm was raging, plaintiff shipper being present when said orders were received and learned that his stock would not be moved that day, and nothing being said by him or by defendant's agents concerning future care of the hogs, **held**, it clearly appearing that defendant gave the hogs no attention or care whatsoever, though it considered the storm such as to justify them in delaying their shimpent, the jury were justified in finding defendant negligent.

Polley, J., dissenting.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by John D. Gormley, against the Chicago & Northwestern Railway Company, to recover damages for loss of a carload of hogs loaded by plaintiff for shipment by defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*A. K. Gardner,* and *Charles A. Davis,* for Appellant.

*M. L. Parish* and *W. I. Hooper,* for Respondent.

(2) To point two of the opinion, Appellant cited: Yoakum v. Dryden (Tex.) 26 S. W. 312; Chicago, etc., R. Co. v. Powers (Neb.) 103 N. W. 678; McClain, Article on Carriers, 6 Cyc. 412; Empire State Cattle Co. v. Ry. Co. 135 Fed. 135; Ward v. Chicago, etc., R. Co. (Neb.) 137 N. W. 995.

Respondent cited: Dunlap v. Railway Company, 32 S. D. 581; 6 Cyc. 413.

(3) To point three of the opinion, Appellant cited: Empire State Cattle Co. v. Ry. Co., 135 Fed. 135; Empire State Cattle Co. v. Ry. Co., 147 Fed. 457; Empire State Cattle Co. v. Ry. Co., 210 U. S. 1; Jones v. Minneapolis R. Co. (Minn.) 97 N. W. 893; Ward v. Chicago, etc., R. Co. (Neb.) 137 N. W. 995; Black v. Chicago, etc., R. Co. (Neb.) 46 N. W. 428.

Respondent cited: Civ. Code, Secs. 1540, 1595, 1596; Berry et al. v. Chicago, Milwaukee & St. Paul Railway Co., 24 S. D. 611.

WHITING, J. Action to recover damages for the death of certain hogs whose death was alleged to have been caused by the negligence of defendant. Judgment for plaintiff, and from such judgment and from an order denying a new trial this appeal was taken.

[1] Appellant assigns the insufficiency of the evidence to support the amount of verdict, the particular ground of its contention being that, if liable at all, it was only liable for a certain limited amount for each hog. This assignment is without any basis in the record for the reason that the court instructed the jury to the effect that, if respondent was entitled to recover, he was entitled to recover the full value of the hogs, and this instruction was neither excepted to nor any other instruction requested.

[2] The chief contention upon this appeal is based upon an instruction of the court, duly excepted to, by which instruction the trial court, in substance, advised the jury that there had been such a delivery of the hogs to, and acceptance of the same by, the appellant as to create the relation of shipper and carrier between respondent and appellant. It appears:

That respondent was engaged in the business of buying and shipping hogs, which shipments were made over defendant's line of railway from the town of Herrick; that the regular stock train, when on time, passed through Herrick at a little past 5 o'clock in the morning; that, as a rule, the depot was not open for that train; that, as testified by appellant's agent: "I do not get up to bill the stock for that train and I bill the night before so as to have it ready for that early morning train and put the bills in a bill box outside, and that is what I did in this case. * * * When Mr. Gromley had a carload of hogs to ship out he would simply order his car in advance for a certain day and tell me that they were ready to go, and I would bill them out the night before and he would load them up the next morning and the train would take them out, and that was what was done in this case up to a certain point, the only difference was the train did not take them out"—that respondent loaded the hogs at about 5 o'clock in the morning; that at that time it was snowing, but there is no evidence to indicate that there was any storm then prevailing that rendered it improper for respondent to load the car at such time; that the train did not arrive until about 8 o'clock, when a storm was raging; that orders came to the trainmen not to move any stock; that respondent was present at the depot and learned that his stock would not be moved that day; and that nothing appears to have been said either by the agents of appellant or by respondent as to the future care of said hogs.

We are of the opinion that, under the above facts, the relation of shipper and carrier was created as soon as the hogs were loaded into the car. Suppose respondent had loaded these hogs and then immediately left the town of Herrick—would any one contend that appellant would not have been responsible for the care of such hogs? Certainly not. The mere fact that respondent chanced to be present when the trainmen received their orders, and was advised that the car would not be forwarded, could not alone change the relation of these parties. · Unless he in some manner undertook or agreed to relieve the carrier from its responsibility to care for such hogs, the burden for their care remained exactly where it would have been if he had not been at the depot and eceived the information given him.

[3] Inasmuch as it· clearly appears that appellant gave the car of hogs no attention or care whatsoever—though it considered the storm such as to justify it in delaying their. shipment—the jury were justified in finding appellant negligent.

There are numerous assignments of error based upon rulings of the court made during the course of the trial. We have given them careful consideration, but believe their merits covered · by what we have said above.

The judgment and order appealed from are affirmed.

POLLEY, J. (dissenting). I am not able to agree with the majority of the court in this case. The loss of the hogs is not shown to have resulted from any act of negligence on the part of the appellant. Plaintiff was present when the trainmen received the order not to move any stock that day. He made no objection to having his stock left on the side track, nor did he demand that they be taken out with that train; neither did he give any directions as to the care or the protection of said stock, nor apparently give the matter any further thought until he returned about ten o'clock the following day. At that time he found the car partly filled with snow and 10 of the hogs dead from the effects of exposure. It does not appear that defendant could have done anything to protect them. They would have been no better off if the car had been taken with the train, as the train became snowbound within a few miles from Herrick. The storm that raged throughout the day and night after the hogs were

placed in the car was the approximate cause of the loss, and the defendant should not have been held liable.